UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KAISEEM TANKERSLEY,                                    Case No. 19 CV 3359
                Plaintiff,                                    (MKB) (RER)

       -against-                                              **AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE                        JURY DEMAND
JOHN LOMBARDI [TAX REG. #931791],
DETECTIVE WILLIAM THOMAS [SHIELD
#4026], SERGEANT JASON NACHTRAB
[TAX REG. #933080], DETECTIVE
ANTHONY BOTTA [TAX REG. #929760],
SERGEANT RON MENTORE [TAX REG.
#933020], DETECTIVE JOSEPH GRILLO
[SHIELD #1357], DETECTIVE JEFFREY
ARCEO [TAX REG. #945475], SERGEANT
FRANK VENTURA [SHIELD #5237],
DETECTIVE JOHN SHEEDY [SHIELD
#7177], DETECTIVE PHIL MCCRAIN
[SHIELD #3549], and JOHN DOE AND
JANE DOE (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),
                   Defendants.
------------------------------------------------------------------X

Plaintiff, KAISEEM TANKERSLEY, by his attorney, The Law Offices of UGO UZOH,

P.C., complaining of the defendants herein, The City of New York, Detective John

Lombardi [Tax Reg. # 931791], Detective William Thomas [Shield #4026], Sergeant

Jason Nachtrab [Tax Reg. #933080], Detective Anthony Botta [Tax Reg. #929760],

Sergeant Ron Mentore [Tax Reg. #933020], Detective Joseph Grillo [Shield #1357],

Detective Jeffrey Arceo [Tax Reg. #945475], Sergeant Frank Ventura [Shield #5237],

Detective John Sheedy [Shield #7177], Detective Phil McCrain [Shield #3549], and John

Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

1.        This is an action at law to redress the deprivation of rights secured to the
                plaintiff under color of statute, ordinance, regulation, custom, and/or to
                redress the deprivation of rights, privileges, and immunities secured to the
                plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the

Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.	The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.	As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

<u>COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS</u>

4.	Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.	At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.	This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

<u>THE PARTIES</u>

7.	Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.	Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.	The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.	Defendant Detective John Lombardi [Tax Reg. # 931791] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.	Defendant Detective William Thomas [Shield #4026] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

2

12.        Defendant Sergeant Jason Nachtrab [Tax Reg. #933080] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.        Defendant Detective Anthony Botta [Tax Reg. #929760] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

14.        Defendant Sergeant Ron Mentore [Tax Reg. #933020] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

15.        Defendant Detective Joseph Grillo [Shield #1357] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

16.        Defendant Detective Jeffrey Arceo [Tax Reg. #945475] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

17.        Defendant Sergeant Frank Ventura [Shield #5237] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

18.        Defendant Detective John Sheedy [Shield #7177] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

19.        Defendant Detective Phil McCrain [Shield #3549] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

20.        Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD and Queens County District Attorney's office ("QCDA"). They are named here in their official and individual capacities.

21.        Defendants Lombardi, Thomas, Nachtrab, Botta, Mentore, Grillo, Arceo, Ventura, Sheedy, McCrain, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

22.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23.     On or about October 17, 2017, at approximately 1:00 p.m., defendant officers, acting in concert, arrested the plaintiff at or within the vicinity of 636 Howard Avenue, Apt. 1R, Brooklyn, New York, and charged plaintiff with N.Y. PL 120.05(2) 'Assault in the second degree' and FAO900.00(29) 'NYS Parole'.

24.     It appears that the plaintiff was arrested in connection with the October 8, 2017, slashing on the face of a young man named Anthony Durden.

25.     Mr. Durden was allegedly slashed with a sharp object across the left side of his face on October 8, 2017, at approximately 1:30 a.m., while he was aboard a Manhattan bound A train in Far Rockaway, at or close to the Beach 60th Street Subway Station.

26.     At all times material, and upon information and belief, the defendant officers conducted investigations into the aforesaid slashing.

27.     Several NYPD police officers were involved in the investigations.

28.     Defendant Thomas seemed to be the lead investigator and was involved in the decision to arrest the plaintiff.

29.     Defendant Lombardi assisted in the investigations and was the plaintiff's designated arresting officer.

30.     Defendant Botta assisted in the investigations and was involved in the decision to arrest the plaintiff.

31.     Defendants Grillo, Arceo, Sheedy, and McCrain assisted in the investigations, were involved in the decision to arrest the plaintiff, eventually arrested the plaintiff, and were involved in the illegal searches and seizures discussed herein.

32.     Defendants Nachtrab and Mentore assisted in the investigations, supervised the investigations, and were involved in the decision to arrest the plaintiff.

4

33.     Defendant Ventura assisted in the investigations, supervised the investigations, was involved in the decision to arrest the plaintiff, supervised the plaintiff's arrest, and supervised the illegal searches and seizures discussed herein.

34.     Plaintiff did not have any prior knowledge that he was the subject of the investigations.

35.     Plaintiff did not have any prior knowledge of the arrest and/or basis for the arrest.

36.     Within a few hours after the slashing, NYPD immediately named the plaintiff as the suspect and began a campaign to frame him as the perpetrator of the slashing.

37.     Prior to that time, no witness had identified the plaintiff as a suspect and/or perpetrator of the slashing.

38.     Immediately after naming the plaintiff as the perpetrator of the slashing, defendant officers began to falsely spread word that the plaintiff slashed Mr. Durden on his face with a sharp object.

39.     Defendant officers contacted the news media and announced to the public that the plaintiff had been identified as the perpetrator of the slashing, released his photographs and information to the news media, blanketed the news with a video depicting the plaintiff, and requested anyone with information as to the plaintiff's whereabouts to contact them immediately for his arrest.

40.     Defendant officers also widely circulated posters and fliers emblazoned with the plaintiff's photographic image and information falsely indicating that they had probable cause to arrest the plaintiff for the slashing, and requesting anyone with information as to his whereabouts to contact them immediately for his arrest.

41.     Defendant officers then began spoon-feeding witnesses false information during pre-interviews for repetition in official statements and began to coerce witnesses to falsely implicate the plaintiff.

42.     Upon information and belief, defendant officers also falsified some of the witnesses' statements.

43.     Defendant officers contacted the plaintiff's parole officer, Mr. Carter, at some point, informed him that the plaintiff had slashed Mr. Durden on his face with a sharp object, and requested Mr. Carter to charge the plaintiff with a violation of his parole.

44.     As a result, an active parole warrant was issued for the plaintiff's arrest.

45.     Eventually, defendant officers arrested the plaintiff at the aforesaid address while he was babysitting his step-sister at his step-father's home.

46.     Prior to the arrest, defendant officers without knocking or prior warning broke down the entrance door to the premises and immediately rushed towards the plaintiff with their weapons drawn.

47.     Upon approaching the plaintiff, defendant officers forcibly grabbed him and threw him down to the floor and held him down with their feet on his back, pinning him face down to the floor.

48.     Defendant officers proceeded to tightly handcuff the plaintiff with his hands placed behind his back.

49.     After handcuffing the plaintiff, defendant officers proceeded to perform an illegal and unauthorized search of the plaintiff and the premises.

50.     In the process of their illegal and unauthorized search of the premises, defendant officers broke down the door to the plaintiff's step-father's room.

51.     Plaintiff enquired as to the reason for the arrest.

52.     Defendant officers ignored the plaintiff's inquiries.

53.     Eventually, defendant officers removed the plaintiff from the premises and placed him inside their police vehicle where he was briefly detained.

54.     Plaintiff was subsequently transported to NYPD-Transit District 20, where he was briefly detained, and then transported to NYPD-107 Precinct, where he was briefly interrogated, and was eventually transported back to NYPD-Transit District 20.

55.     After detaining the plaintiff at the station house for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

56.     At some point following his arrest, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

57.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

58.     Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

59.     On October 18, 2017, the plaintiff was arraigned on a criminal court complaint sworn to by defendant Lombardi falsely charging the plaintiff with N.Y. PL 120.10(1) 'Assault in the first degree', N.Y. PL 120.10(2) 'Assault in the first degree', N.Y. PL 265.02(1) 'Criminal possession of a weapon in the third degree', and N.Y. PL 265.01(2) 'Criminal possession of a weapon in the fourth degree'.

60.     Bail was set in the amount of $1,000,000 to secure the plaintiff's release.

61.     Because plaintiff could not make bail, plaintiff was transported to Rikers Island, and was incarcerated at said facility for over one (1) year.

62.     On or about August 22, 2018, the false charges levied against plaintiff were summarily dismissed.

63.     Even though the charges were dismissed, plaintiff still remained incarcerated because of parole hold.

64.     On or about November 21, 2018, following the revocation of the parole hold, the plaintiff was released from his unlawful incarceration.

65.     That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

66.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

67.     As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

68.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69.     Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

70.     The conduct of defendant officers, as described herein, amounted to false arrest.

71.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

72.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

73.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.     Defendant officers forwarded to the prosecutors their falsified records and coerced witness statements.

75.     Relying upon the falsified records and coerced witness statements, the prosecutors initiated criminal actions against the plaintiff.

76.     Following the arraignment, bail was set in the amount of $1,000,000 to secure the plaintiff's release.

77.     Plaintiff was incarcerated for more than one (1) year thereafter.

78.     Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

79.     On or about November 21, 2018, the plaintiff was released from his unlawful incarceration after the false charges had been summarily dismissed.

80.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

81.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

82.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

83.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

84.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

86.     The plaintiff was deprived of his liberty as a result.

87.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

88.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

89.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

90.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91.     Defendant officers unlawfully subjected the plaintiff to an illegal search of his person and property.

92.     The conduct of defendant officers, as described herein, amounted to unreasonable searches and seizures.

93.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

94.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

95.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

97.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

98.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    The conduct of defendant officers, as described herein, amounted to unlawful entry.

101.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

102.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

103.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.    Defendant officers knew fully well that the plaintiff was not implicated in any crime but refused to release him from his unlawful detention.

105.    Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

106.    The conduct of defendant officers, as described herein, amounted to unreasonable detention.

107.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

108.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

109.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110.    That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

111.    Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

112.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

113.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

114.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 113 of this complaint as though fully set forth herein.

115.    Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition,

defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

116. Additionally, defendant City of New York, acting through John M. Ryan and the Queens County District Attorney's Office ("QCDA"), had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

117. Defendant City of New York, acting through aforesaid NYPD and QCDA, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

118. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

119. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

120. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the Court determined that the City of New York, acting through the NYPD,

engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

121.    In *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who did allegedly display a weapon.

122.    Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

123.    Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

124.    Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

125.    As the plaintiff in *Jones* successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which shows that "he has not been trained on this issue by the City [and NYPD]."

126.    Here, as was true in *Jones*, the City and KCDA have failed to train defendant officers and have failed to instill in them the fact that they lack probable cause to arrest an individual such as the plaintiff who was merely socializing with his friends and there was no evidence connecting the plaintiff to any crime or offense.

127.    Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD and QCDA alleging, among other things, that the officers fabricated evidence, falsely arrested the plaintiffs without probable cause, and performed illegal and unreasonable searches and seizures. *See*, *e.g.*, *Eddie Holley v. City of New York* (18 CV 6487); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York* (18 CV 4841); *Ramel King v. City of New York* (17 CV 4494); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Crystal Whitfield v. City of New York* (14 CV 6085); *Tyrone Jackson v. City of New York* (13 CV 3589).

128.    Aside from the cases which have already been settled, there are numerous lawsuits pending in this district and New York State Supreme Court against several officers assigned to the NYPD and QCDA alleging, among other things, that the officers fabricated evidence, and falsely arrested the plaintiffs without probable cause.

129.    Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate identification evidence, arrest innocent citizens without probable cause, use excessive force in the arrest of innocent citizens and routinely subject innocent citizens to unreasonable searches and seizures.

130.    As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, incarcerated him, abused and/or assaulted the plaintiff, and subjected him to unreasonable searches and seizures.

131.    Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

132.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

133.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

134.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 133 of this complaint as though fully set forth herein.

135.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

136.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

137.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their

respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

138.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

139.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 138 of this complaint as though fully set forth herein.

140.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

141.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

142.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 141 of this complaint as though fully set forth herein.

143.    Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

144.    Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

145.    Eventually, the criminal proceedings terminated in plaintiff's favor.

146.    Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

147. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

148. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 147 of this complaint as though fully set forth herein.

149. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

150. The conduct of the defendants, as described herein, amounted to assault and battery.

151. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

152. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 151 of this complaint as though fully set forth herein.

153. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

154. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

155. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b.       For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.       For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.       For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       November 22, 2019

UGO UZOH, P.C.


By:    Ugochukwu Uzoh
       Attorney for the Plaintiff
       56 Willoughby Street, Third Floor
       Brooklyn, N.Y. 11201
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com