UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KAISEEM TANKERSLEY,

                        Plaintiff,

              v.

THE CITY OF NEW YORK, DETECTIVE JOHN
LOMBARDI, *Tax Reg. #931791*, DETECTIVE
WILLIAM THOMAS, *Shield #4026*, SERGEANT
JASON NACHTRAB, *Tax Reg. #933080*,
DETECTIVE ANTHONY BOTTA, *Tax Reg.
#929760*, SERGEANT RON MENTORE, *Tax Reg.
#933020*, DETECTIVE JOSEPH GRILLO, *Shield
#1357*, DETECTIVE JEFFREY ARCEO, *Tax Reg.
#945475*, SERGEANT FRANK VENTURA, *Shield
#5237*, DETECTIVE JOHN SHEEDY, *Shield #7177*,
DETECTIVE PHIL MCCRAIN, *Shield #3549*, and
JOHN DOE AND JANE DOE,

                        Defendants.

**MEMORANDUM & ORDER**
19-CV-3359 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Kaiseem Tankersley commenced the above-captioned action on June 6, 2019,

(Compl., Docket Entry No. 1), and filed an Amended Complaint on November 22, 2019,

bringing claims against the City of New York (the "City"), Detective John Lombardi, Detective

William Thomas, Sergeant Jason Nachtrab, Detective Anthony Botta, Sergeant Ron Mentore,

Detective Joseph Grillo, Detective Jeffrey Arceo, Sergeant Frank Ventura, Detective John

Sheedy, Detective Phil McCrain (collectively, "Defendant Officers"), and John and Jane Doe,

(Am. Compl., Docket Entry No. 16).  Plaintiff asserts claims of false arrest, malicious

prosecution, fabrication of evidence and denial of the right to fair trial, unreasonable search and

seizure, excessive use of force, unlawful entry, unreasonable detention, and failure to interview

pursuant to 42 U.S.C. § 1983 against Defendant Officers; a municipal liability claim against the City pursuant to 42 U.S.C. § 1983 based on a failure to train or supervise; and state constitutional and tort law claims against all Defendants.  (Am. Compl. ¶¶ 68–155.)

Due to the COVID-19 pandemic, on April 23, 2020, June 22, 2020, and August 4, 2020, Magistrate Judge Ramon E. Reyes, Jr. granted Plaintiff's motions to stay the case to allow the parties to proceed with in-person depositions.[1]  (*See* Order dated Apr. 23, 2020; Order dated June 22, 2020; Order dated Aug. 4, 2020.)  On January 28, 2021, after Plaintiff failed to appear at his own deposition and failed to respond to his counsel's attempt to contact him, Plaintiff's counsel moved to withdraw from the case.  (Mot. to Withdraw as Att'y, Docket Entry No. 32; Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") 1, Docket Entry No. 39.)  Judge Reyes granted counsel's motion, issued a stay for an additional sixty days to permit Plaintiff to find substitute counsel, and scheduled a telephone conference for April 7, 2021.  (Order dated Jan. 28, 2021.)  Plaintiff failed to appear at the April 7, 2021 conference and subsequent conferences scheduled for May 11, 2021, and June 15, 2021.  (*See* Min. Entry dated Apr. 7, 2021; Min. Entry dated May 11, 2011.)[2]  On July 6, 2021, Defendants filed a motion to dismiss for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (*See* Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 37; Defs.' Mem.)

For the reasons explained below, the Court grants Defendants' motion and dismisses the action with prejudice for failure to prosecute.

---

[1]  On April 13, 2021, the case was reassigned to Magistrate Judge James R. Cho.  (Notice of Reassignment dated Apr. 13, 2021.)

[2]  The docket does not provide details regarding the June 15, 2021 conference. Defendants contend that Judge Cho "granted [D]efendants a period of three weeks, until July 6, 2021, to file a motion to dismiss [P]laintiff's case for failure to prosecute, pursuant to Rule 41(b)."  (Defs.' Mem. 5.)

## I. Discussion

### a. Standard of review

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)); *see also Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (same). Dismissal pursuant to Rule 41(b) is a "harsh remedy" and "appropriate only in extreme situations." *Russell v. Rao*, 531 F. App'x 175, 176 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Recognizing that dismissal pursuant to Rule 41(b) lies within the discretion of the district court, the Second Circuit has set forth five factors to be considered in determining whether dismissal is appropriate:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Kaplan*, 844 F. App'x at 460 (quoting *Baptiste*, 768 F.3d at 216); *see also Mayanduenas v. Bigelow*, 849 F. App'x 308, 310–11 (2d Cir. 2021) (same). "No single factor is generally dispositive." *Kaplan*, 844 F. App'x at 460 (quoting *Baptiste*, 768 F.3d at 216). The Second Circuit counsels that because "dismissal under Rule 41(b) is 'the harshest of sanctions,'" it "is properly 'used only in extreme situations.'" *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (quoting *Baptiste*, 768 F.3d at 217).

### b. The *Baptiste* factors weigh in favor of dismissal

Defendants argue that that the five factors set forth in *Baptiste* weigh in favor of dismissal because (1) Plaintiff's failure to prosecute is of significant duration and the failure is

"attributable solely to [P]laintiff," (Defs.' Mem. 7–8 (citing cases)); (2) "[P]laintiff received ample notice of and warning that he would face the specific sanction of dismissal for failure to prosecute should he continue to defy Court Orders requiring his appearance before the Court," (*id.* at 8); (3) "prejudice should be presumed" because the "six-month period during which [P]laintiff has effectively abandoned his case while leaving the Court and [D]efendants in limbo is not moderate, nor is it excusable as [P]laintiff has never offered an explanation for or attempt to rectify his failure to take action," including his failure to appear for his own deposition, (*id.* at 9); (4) "[P]laintiff has been given more than ample opportunity to be heard," (*id.*); and (5) as the "Court has already imposed a sanction less drastic than dismissal by granting [P]laintiff time to secure new counsel or state that he is proceeding *pro* se," it is "clear at this point that no order from the Court would be likely to prompt [P]laintiff into action, and no other recourse is available short of dismissal with prejudice," (*id.*).

The *Baptiste* factors all weigh in favor of dismissal.  First, the Court finds that the duration of Plaintiff's failure to comply weighs in favor of dismissal.  Plaintiff has failed to appear in this action since August of 2020, over one year ago, and has repeatedly failed to comply with the magistrate judges' orders to appear at scheduled court conferences.  (*See* Min. Entry dated Apr. 7, 2021; Min. Entry dated May 11, 2011); *see also Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (finding that the "plaintiff caused a 'delay of significant duration' in this litigation, as the proceedings ground to a halt for over seven months as a result of his inaction"); *Loc. Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr. Inc.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." (first citing *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir.

4

2009); and then citing *Georgiadis v. First Bos. Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)));

*Rosado v. Toulen*, No. 18-CV-3697, 2021 WL 2323212, at *2 (E.D.N.Y. Apr. 26, 2021)

(recommending dismissal where the plaintiff appeared for one status conference but "fail[ed] to

otherwise prosecute [the] case for well over [fourteen] months"), *report and recommendation

adopted* 2021 WL 2010238 (E.D.N.Y. May 20, 2021); *Lopez v. Cath. Charities of Archdiocese

of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing the case

after the "plaintiff . . . failed to take *any* steps to prosecute [the] action for at least three

months").

    Second, as detailed above, the magistrate judges repeatedly notified Plaintiff that this

action would be dismissed for failure to prosecute if Plaintiff failed to appear at the scheduled

conferences and failed to follow the Court's orders.  (*See* Min. Entry dated Apr. 7, 2021; Min.

Entry dated May 11, 2011); *see also Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.

1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even

against a plaintiff who is proceeding *pro se*, so long as a warning has been given that

noncompliance can result in dismissal."); *Velt Corp. v. United States*, No. 19-CV-5463, 2020

WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) (finding the second factor favors dismissal where

the "[p]laintiff was cautioned . . . that failure to comply with the [c]ourt's third order to file a

status report would result in a report and recommendation to the district judge that the action be

dismissed for failure to prosecute . . . and, to date, [the plaintiff] has failed to take any action or

comply with any order of this [c]ourt"), *report and recommendation adopted*, 2020 WL 7639962

(E.D.N.Y. Dec. 23, 2020).

    Third, as Plaintiff has provided no explanation for the extended delay and failed to appear

at his deposition and three scheduled telephonic conferences, the Court presumes as a matter of

law that Defendants will be prejudiced by further delay.  (*See* Min. Entry dated Apr. 7, 2021; Min. Entry dated May 11, 2011; Defs.' Mem. 2–5); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256–57 (2d Cir. 2004) (noting that the Second Circuit has presumed prejudice where "plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal" (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982))); *Harris v. Scadiero*, 94 F. App'x 860, 861 (2d Cir. 2004) ("A presumption of prejudice is appropriate where the plaintiff's delay was prolonged."); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (noting "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice (citing cases)); *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *7 (S.D.N.Y. June 19, 2008) ("When a defendant hinders the discovery of relevant information, the plaintiff suffers prejudice as a result of an involuntary delay in prosecuting its action.").

Fourth, the Court finds that because Plaintiff has shown no interest in litigating this case by failing to appear at his own deposition and court conferences, (*see* Min. Entry dated Apr. 7, 2021; Min. Entry dated May 11, 2011; Defs.' Mem. 2–5), the balance between alleviating court congestion and protecting Plaintiff's right to be heard favors dismissal.  *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why th[e] action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference" (alteration in original)); *Velt Corp.*, 2020 WL 8413513, at *3 (recommending dismissal where "[t]he [p]laintiff has shown no interest in litigating this case as he has failed to move the case forward"); *Caussade*, 293 F.R.D. at 631 (finding where the plaintiff "has not been

6

in contact with her counsel for about five months and has failed to respond to requests to schedule a deposition or to correct her interrogatory responses," and otherwise "made no effort to prosecute this action, it would be unfair to the numerous other litigants who await the attention of this [c]ourt to permit her suit to remain on the docket").

Finally, the Court finds that dismissal with prejudice for failure to prosecute is appropriate because Plaintiff has had no communication with the Court since August of 2020, despite repeated orders by the Court to appear for scheduled conferences.[3] *See Copiel v. Pugliese*, No. 19-CV-4231, 2021 WL 2792182, at *3 (E.D.N.Y. Apr. 2021) (finding that the fifth factor favors dismissal because "when a plaintiff fails to respond to a [c]ourt order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter" (first citing *Ruzsa*, 530 F.3d at 177; and then citing *Crenshaw v. McNamara*, No. 15-CV-6229, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016))), *report and recommendation adopted as modified*, 2021 WL 2659985 (E.D.N.Y. June 29, 2021).

---

[3] "It is well settled that a dismissal under Rule 41(b) 'operates as an adjudication on the merits and that such a dismissal is with prejudice.'" *Oberoi v. Shawnee Trucking PA Inc.*, No. 19-CV-2471, 2020 WL 4209312, at *3 (E.D.N.Y. Feb. 3, 2020) (quoting *Clougher v. Home Depot U.S.A., Inc.*, No. 06-CV-5474, 2008 WL 2448202, at *1 (E.D.N.Y. Feb. 26, 2008)), *report and recommendation adopted*, 2020 WL 4208441 (E.D.N.Y. July 22, 2020).

**II.    Conclusion**

For the foregoing reasons, the Court grants Defendants' motion and dismisses the action

with prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to close this

case.

Dated:  October 26, 2021
        Brooklyn, New York

SO ORDERED:


s/ MKB
MARGO K. BRODIE
United States District Judge